3016655-GEA/GZ                                                                                  ARDC 6243772

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Hearthware, Inc. an Illinois corporation,<br><br>  Plaintiff,<br><br>v.<br><br>E. Mishan & Sons, Inc., a New York corporation,<br><br>  Defendant. | Case No.  11-CV-5233 |

### DEFENDANT E. MISHAN & SONS, INC.'S MOTION TO EXCLUDE MAY 14, 2012 REBUTTAL REPORT BY PLAINTIFF'S EXPERT, JAMES H. NELEMS AND TO EXCLUDE AND BAR JAMES H. NELEMS OPINIONS AND TESTIMONY

NOW COMES the defendant, E. Mishan & Sons, Inc., (hereinafter "the defendant") by and through its attorneys, SmithAmundsen, LLC, and for its Motion To Exclude and Strike the May 14, 2012 Rebuttal Report by Plaintiff's Expert, James H. Nelems, and to Further Bar James H. Nelems Opinions and Testimony, states as follows:

1. On November 16, 2011, this Court, by and through the Honorable Suzanne B. Conlon, entered an Order which reads, in relevant part:

> Plaintiff shall comply with FRCP 26(a)(2) by March 15, 2012. Defendant's compliance with FRCP 26(a)(2) due by April 16, 2012. Discovery cutoff and filing of dispositive motions with supporting memoranda due May 14, 2012…THESE ARE FIRM DATES.

(See Judge Conlon's 11/16/11 Order, Document #26, Attached hereto as Exhibit A; Emphasis included in Order).  These dates were then extended to March 19, 2012 and April 20, 2012 respectively.  (See Judge Conlon's 3/21/12 Order, Document #53, Attached hereto as Exhibit B).

1

2. This Court has a Standing Order for Case Management Procedures (attached hereto as Exhibit C) which can also be found at: http://www.ilnd.uscourts.gov/home/JudgeInfo.aspx . Of concern to this Motion is the Section entitled "D. Automatic Disclosure Under Amended Fed. R. Civ. P.26(1933)", which reads:

> **D. AUTOMATIC DISCLOSURE UNDER AMENDED FED. R. CIV. P. 26 (1993)**
>
> (1) This court generally orders the initial disclosures required by Rule 26(a)(1) .
>
> (2) Disclosures regarding experts' opinions, the basis and supporting data, information and exhibits, qualifications, fees, and other cases in which the expert has testified in the last four years are **automatically required** by Rule 26(a)(2) .
>
> (3) Expert disclosures required by Rule 26(a)(2) shall be made no later than thirty (30) days before the discovery cut-off date, unless ordered otherwise. Rebuttal information required by Rule 26(a)(2) must be provided no later than ten (10) days before the discovery cut-off date, unless ordered otherwise.
>
> (4) Compliance with Rule 26(a)(2) is required before an expert may be designated as a trial witness in the final pretrial order.

(See Exhibit C, attached hereto.)[1]

3. Pursuant to the November 16, 2011 Order (Exhibit A), all discovery was closed in this matter as of May 14, 2012. Pursuant to the Standing Order (Exhibit C), Section D(3), disclosures regarding Rebuttal information were required to be disclosed no later than ten (10) days prior to the discovery cut-off date, or by May 4, 2012.

4. At no time during the pendency of this case has any party sought to extend the expert discovery closure date via petition to this Honorable Court.

---

[1] Defendant and the undersigned counsel are fully aware that Exhibit C also clearly reflects that this Court disfavors Motions to Strike which regularly accompany Summary Judgment Briefs; in this instance, however, Defendant and its counsel found it prudent to file this Motion because: 1) the relief sought extends beyond the use of the subject report for purposes of Summary Judgment, and 2) Counsel wanted to ensure that Plaintiff and its counsel were fully aware of Defendant's objections to the late disclosure of the expert and his Report and provide an opportunity for Plaintiff to pursue an alternate theory in Plaintiff's Response to Defendant's Motion for Summary Judgment (Response to be filed by 6/8/12) rather than have a Motion to Strike come as a surprise if contained solely in a Reply Brief.

5. On May 14, 2012, at 6:51PM Central Time, Plaintiff's Counsel, Cameron H. Tousi, forwarded to Defendants' Counsel an e-mail with the heading "Nelems Rebuttal Report" with an attached report prepared by James H. Nelems, dated May 14, 2012, entitled "Review of Dr. Warren Keegan's April 20, 2012 Expert Report". (The first three pages of the May 14, 2012 Report by James Nelems, along with the above referenced e-mail, are attached hereto as Exhibit D; the Report itself has been marked as "Outside Counsel Eyes Only" pursuant to a protective Order previously entered; A full copy of the Report will be included with the Courtesy Copy for the Court.)

6. James Nelem's Report is an attempt to rebut the opinions of Dr. Warren Keegan, one of Defendant's disclosed experts. (See Exhibit D.)

7. Dr. Keegan and his detailed expert report were properly and timely disclosed by the Defendant on April 20, 2012. His deposition was taken on May 11, 2011 in New York, New York. It should be further noted that Defendant also disclosed expert reports from James Ashe and Art Fitzsimmons on April 20, 2012; and that Defendant timely produced its Rebuttal Report from James Ashe addressing Plaintiff's damages expert, Jennifer Vanderhart's Report, on May 4, 2012.

8. Any Rebuttal to Dr. Keegan's report that Plaintiff wanted to raise was due on or before May 4, 2012. Plaintiff never sought an extension of time for its Rebuttal Report. Plaintiff had two weeks from the April 20, 2012 disclosure to secure its Rebuttal expert and procure his report, but did not do so. No explanation of any kind has been provided by Plaintiff or its counsel as to the untimely Rebuttal Report by James Nelems.

9. When Plaintiff made its untimely disclosure of James Nelems' Rebuttal Report, not only was expert discovery closed, but all discovery was closed as the Report was not transmitted until

after regular business hours. Further, the disclosure of Nelems' Rebuttal Report was after Defendant filed its Motion for Summary Judgment. Because of the late nature of Plaintiff's disclosure, Defendant has been severely prejudiced in that Defendant has been deprived of the opportunity to depose James Nelems; was deprived of the opportunity to discuss the issues and topics contained in Nelems' report with Dr. Keegan which it would have been able to do prior to Dr. Keegan's May 11, 2012 deposition had the disclosure been made timely when due—on or before May 4, 2012; and was forced to present Dr. Keegan for deposition on false pretenses in that Defendants counsel had every right, per the above discovery schedule, to know about, and have disclosed to them, any Rebuttals to Dr. Keegan's report, but none were forthcoming from Plaintiff's counsel until after the close of discovery.

10. The Federal Rules of Civil Procedure are explicit in that where "a party does not provide information or identify a witness as required by FRCP 26(a) or (e), the party cannot use that information or testimony in a motion, at a hearing, or at trial, unless that party was substantially justified or the nondisclosure is harmless." FRCP 37(c)(1).

11. In this instance, Plaintiff has not timely disclosed the existence of James Nelems as a rebuttal expert, and did not timely disclose his Rebuttal Report.

12. Defendant has attempted in good faith to resolve this discovery dispute with the plaintiff without the intervention of the court. On May 30, 2012, the undersigned counsel for Defendant, Brian A. Rosenblatt, held a "meet and confer" conference call with Plaintiff's counsel, Cameron H. Tousi to discuss this discovery dispute. In that conversation, Plaintiff was requested to withdraw Mr. Nelems as an expert, and to further withdraw Mr. Nelems' Rebuttal Report. Mr. Tousi's e-mail response is attached hereto as Exhibit E. Unfortunately, the parties have been unable to reach resolution on Plaintiff's late disclosure of James Nelems' Report, and

accordingly, this Motion has been filed. See the Affidavit of defense counsel Rosenblatt, attached hereto as Exhibit F. Defendant hereby certifies that this motion meets requirements of Federal Rule of Civil Procedure 37 (a)(1) and local rule 37.2.

13. The instant motion is not brought to harass any party, delay or obstruct the trial in this matter.

WHEREFORE, the defendant, E. Mishan & Sons, Inc. prays that this Honorable Court exclude and strike the May 14, 2012 Rebuttal Report by Plaintiff's Expert, James H. Nelems, preventing its use at either Trial or in Response to Defendant's Motion for Summary Judgment, and further exclude and bar James Nelems from testifying in this cause, or for whatever other relief this Court deems just and appropriate in light of Plaintiff's untimely disclosure.

Respectfully submitted,

**/s/ Brian A. Rosenblatt, 6243772**
SMITHAMUNDSEN LLC
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601-1635
Attorney for the Defendant
(312) 894-3200 (Telephone)
(312) 894-3210 (Fax)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 4, 2012, the foregoing Defendant E. Mishan & Sons, Inc.'s Motion To Exclude May 14, 2012 Rebuttal Report was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic.  Parties may access this filing through the Court's CM/ECF System.

                                  **/s/ Brian A. Rosenblatt,  6243772**
                                  SmithAmundsen LLC
                                  150 S. Michigan Avenue – Suite 3300
                                  Chicago, IL  60601
                                  Phone: (312) 894-3200
                                  Fax:    (312) 894-3210