UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Hearthware, Inc.** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 11-CV-5233 |
| ) | |
| **E. Mishan & Sons, Inc.** ) | Judge: Suzanne B. Conlon |
| ) | |
| **Defendant.** ) | |

### OPPOSITION MOTION TO DENY DEFENDANT MISHAN'S MOTION TO EXCLUDE THE REBUTTAL REPORT, OPINIONS AND TESTIMONY OF JAMES H. NELEMS; AND SEEKING LEAVE OF COURT TO PERMIT MR. NELEMS' REPORT, OPINIONS AND TESTIMONY

Plaintiff Hearthware, Inc. ("Hearthware") respectfully opposes the motion by Defendant E. Mishan & Sons, Inc. ("Mishan") to exclude and strike the rebuttal report of Hearthware's expert James H. Nelems concerning the expert report of Dr. Warren Keegan, and to exclude and bar Mr. Nelems' opinions and testimony (hereinafter Mishan's "Motion to Strike").

Hearthware respectfully requests that the Court (i) deny Mishan's opening Motion for having failed to comply with the Court's meet-and-confer requirement under LR 37.2, and for the reasons set forth herein. Hearthware also respectfully (ii) seeks leave of Court requesting the Court's permission to use Mr. Nelems rebuttal report and permit Mr. Nelems to testify and express his opinions for its case.

Mishan's Motion to Strike comes days before Hearthware's opposition to Mishan's Motion for Summary Judgment is due, namely June 8, 2012, which opposition is directly impacted by this issue regarding Mr. Nelems' report. Accordingly, Hearthware respectfully (iii) requests that the Court grant Hearthware additional time to prepare its opposition to Mishan's Motion for Summary Judgment following the disposition of the present issue, or to receive the opportunity to amend its opposition following the Court's holding on the present issue.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37.2**

Hearthware's representative was consulted by Mishan's representative on May 30, 2012, stating that the rebuttal report of Hearthware's expert, Mr. James Nelems rebutting the report of Mishan's expert Dr. Warren Keegan was sent to Mishan late and that Mishan wanted Hearthware to withdraw Mr. Nelems' report as well as the gentleman, himself, as a witness for Hearthware's causes of action. Mishan's representative noted that Hearthware would be facing a motion to strike and sanctions may be sought.

Mishan's counsel specifically stated it would be in the interest of the parties to come to agreement, meaning to accept everything Mishan wanted, before a meet-and-confer meeting was necessary. Hearthware's counsel stated he would discuss it with his client, Hearthware, and get back to Mishan's counsel shortly.

Upon speaking with his client representatives, Hearthware's counsel sent Mishan's counsel an email letter. (Exhibit A). The letter provided multiple opportunities for Hearthware to resolve the issue with Mishan and remove any potential prejudice Mishan was claiming. The email also asked Mishan's counsel to confer with his client, and proposed a meet-and-confer meeting shortly thereafter on the issue on Monday, June 4, 2012. (Exhibit A at 1, penultimate ¶).

Mishan's counsel attempted to contact Hearthware's counsel at 12:53 p.m. Central (Court) (*i.e.*, 1:53 Eastern time) followed by telephone calls shortly thereafter. (Exhibit B[1]). Hearthware's counsel responded that he was attending meetings, and sent a short reply to Mishan's counsel at 3:33 p.m. Central time[2] that he would call Mishan's counsel in 30 minutes. (Exhibit C). However, unfortunately Hearthware's counsel discovered upon checking email that Mishan's counsel had already filed its Motion to Strike and Exhibits A - F at 2:46 p.m. Central time without a meet-and-confer meeting. (Exhibit D, *i.e.*, the Court's auto-generated email). In other words, Mishan's Motion was ready-to-go, and Mishan's counsel was apparently ready to treat the meet-and-confer meeting as a pre-filing formality, going ahead with filing its Motion to Strike when he could not reach Hearthware's counsel.

LR 37.2 states in relevant part: "this court shall hereafter *refuse to hear* any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and *good faith attempts to resolve differences* they are unable to reach an

---

[1] The email was received at Hearthware's counsel's email server and indicated the time by Eastern time zone, as Hearthware's counsel is located in the Washington, DC metropolitan area.
[2] *I.e.*, 4:33 p.m. Eastern time according to Hearthware's counsel's email.

2

accord." (emphasis added) Hearthware respectfully submits that Mishan's actions in this regard, namely attempting to contact Hearthware's counsel with its Motion to Strike and corresponding Exhibits ready to be filed, and quickly filing them before Hearthware had a chance to even discuss the matter, does not represent a good faith attempt to resolve any differences.

Accordingly, Hearthware respectfully submits that Mishan has failed to abide by LR 37.2, and for such reason, that Mishan's Motion to Strike be denied.

Furthermore, Hearthware also respectfully submits that the matter of Mishan's failure to abide by LR 37.2 is not new in the present action, for the matter was earlier brought up with Hon. Geraldine Soat Brown regarding previous Mishan motions, and who ordered a conference between counsel on April 10, 2012. (Dkt. No. 62).

**ARGUMENT**

- As noted, Mishan's counsel communicated telephonically with Hearthware's counsel on Wednesday, May 30, 2012 to mention that its client Mishan was considering filing a Motion to Strike and accompanying sanctions against Hearthware because the rebuttal report of Jim Nelems, Hearthware's expert, was not produced until the discovery cut-off date, namely May 14, instead of ten (10) days preceding such date pursuant to the Court's case management procedures.

- Hearthware respectfully requests the Court to grant Hearthware permission to use the rebuttal report prepared by Mr. Nelems and Mr. Nelems' testimony in this regard, in view of the extenuating circumstances set forth below.

- First, Hearthware respectfully submits that the extraordinary scheduling conducted to get Mishan's and Hearthware's depositions undertaken in a short time frame made it impossible for Hearthware to provide Mr. Nelems' report earlier, though Hearthware respectfully regrets not having asked the Court for advanced permission.

- In fact, Hearthware respectfully submits that the aggressive deposition scheduling conducted, particularly in the month of May in order to complete discovery by May 14,

included the following depositions:

- o   3/11 (J. Kim, employee of Hearthware, deposed by Mishan);
- o   4/12 (D. Kaplan, former employee of Hearthware, deposed by Mishan);
- o   4/18 (J. Moon, employee of Hearthware, deposed by Mishan);
- o   4/24 (S. Mishan, employee of Mishan, deposed by Hearthware);
- o   4/25 (J. Mishan, employee of Mishan, deposed by Hearthware);
- o   5/2 (E. Mishan, employee of Mishan, deposed by Hearthware);
- o   5/4 (J. Vanderhart, damages expert of Hearthware, deposed by Mishan);
- o   5/7 (Mishan's 30(b)(6) witnesses, deposed by Hearthware);
- o   5/8 (Ashe, damages expert of Mishan, deposed by Hearthware);
- o   5/9 (B. Dworsky and T. Harrington, third party witnesses, deposed by Mishan);
- o   5/11 (W. Keegan, Mishan's trademark survey expert, deposed by Hearthware); and
- o   5/14 (Fitzsimmons, Mishan's infomercial expert, deposed by Hearthware).

- Accordingly, Hearthware lacked the opportunity to depose Dr. Warren Keegan, whose report was being rebutted by Mr. Nelems, until Friday, May 11, the immediate business day before when Mr. Nelems' report was produced, namely on May 14, the close of discovery date.

- Mishan states it has been "severely prejudiced" by the fact that Mr. Nelems' rebuttal report was not produced earlier. Hearthware respectfully disagrees. Mr. Nelems' report is a rebuttal report only, rebutting the assertions of Dr. Keegan's report. In the regular course of the litigation, Dr. Keegan would not be given opportunity to amend his rebuttal report based on Mr. Nelems' report in any case. Mishan's statements of "severe prejudice" are at best dramatically overstated.

- Furthermore, Hearthware attempted to remove any potentially adverse impact to Mishan without taking up the Court's precious time and resources. Hearthware abided by the Court's LR 37.2 meet-and-confer guidelines to resolve the issue whereas Mishan did not.

In additional, upon Mishan's contacting Hearthware's counsel, Hearthware immediately offered to remove any potential prejudice Mishan alleges to have experienced in relation to the matter. (Exhibit A). First, it offered to make Mr. Nelems available for a deposition at Mishan's counsel's earliest opportunity. Furthermore, Hearthware expressed willingness to stipulate to any amendments that Mishan would like to make to its summary judgment motion in relation to the matter. Hearthware also noted to Mishan's counsel that it is amenable to other suggestions from Mishan to provide further mitigation. Hearthware's email letter to Mishan's counsel of May 31, 2012, is respectfully provided as Exhibit A.

- Mishan ignores the prejudice its own actions have cause Hearthware. Notably, the subject of its Motion to Strike was not even brought up with Hearthware's counsel until May 30, *sixteen days* following the date that Mr. Nelems' report was submitted to Mishan.
    - The delay is particularly problematic and prejudicial to Hearthware, because Hearthware's Motion in Opposition to Mishan's pending Motion for Summary Judgment *is due Friday, June 8*, the day preceding the hearing for this Motion to Strike. The issue could have easily been avoided or resolved without prejudicing Hearthware's ability to oppose Mishan's Motion for Summary Judgment had Mishan made the matter known to Hearthware earlier.
    - Mr. Nelems' rebuttal report is a key component of Hearthware's ability to rebut the conclusory trademark survey findings of Mishan's expert Dr. Keegan. In fact, pursuant to the Court's procedures, Hearthware will not have the opportunity for hearing before the Court until Thursday, June 7, the day preceding the due date of Hearthware's Opposition to Mishan's Motion for Summary Judgment.

- Additionally, and importantly, Mishan's very opening Motion to Strike needlessly complicates the Court's ability to attend to the parties' respective Motion for Summary Motion and Opposition Motion. Mishan's action is specifically disfavored by this Court. In fact, the Court's Case Management Procedure states: "[t]he court disfavors motions to strike that routinely accompany summary judgment briefs. Motions to strike needlessly complicate and prolong the summary judgment process. If a responding party believes a

5

statement of fact, document or other item submitted in connection with a motion for summary judgment is inadmissible, the party shall object within the Local Rule 56.1 statement and may briefly so argue within the response brief or reply brief."

- As the timing of Mishan's Motion to Strike comes days before Hearthware's opposition to Mishan's Motion for Summary Judgment is due, namely June 8, 2012, which opposition is directly impacted by this issue regarding Mr. Nelems' report, Hearthware respectfully requests that the Court grant Hearthware additional time to prepare its opposition to Mishan's Motion for Summary Judgment following the disposition of the present issue, or to grant Hearthware the opportunity to amend its opposition following the Court's holding on the present issue.

**CONCLUSION**

Accordingly, Hearthware respectfully requests the Court deny Mishan's Motion to Strike regarding Mr. Nelems' rebuttal report and prohibit his ability to testify, and grant permission to Hearthware in the same regard. Further, Hearthware further respectfully requests that the Court grant it additional time to prepare its opposition to Mishan's Motion for Summary Judgment following the disposition of the present issue, as the Court may deem appropriate, or to provide Hearthware the opportunity to amend its opposition following the Court's holding on the present issue.

Dated: June 5, 2012                                        Respectfully Submitted,

                                       /s/ Cameron H. Tousi
                                       Cameron H. Tousi
                                       chtousi@ipllfirm.com
                                       Andrew C. Aitken
                                       acaitken@ipllfirm.com
                                       Adam P. Lerner
                                       aplerner@ipllfirm.com
                                       IP LAW LEADERS PLLC
                                       1701 Pennsylvania Avenue, NW
                                       Suite 300
                                       Washington, DC 20006
                                       (202) 248-5410

                                       Lewis T. Steadman, Jr.
                                       lewis@hearthware.com
                                       Joseph W. Vucko
                                       lewis@hearthware.com
                                       IBC-Hearthware, Inc.
                                       1795 Butterfield Road
                                       Libertyville, IL 60048
                                       Tel: (847) 596-6709

                                       *Counsel for Plaintiff*
                                       *Hearthware, Inc.*

## **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system June 5, 2012. Any other counsel of record will be served by electronic mail and/or first class mail.


                     /s/ Cameron H. Tousi_____
                     Cameron H. Tousi